IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

DANIELLE DYAL,

     Plaintiff,

vs.

STATE OF FLORIDA, DIVISION OF
ADMINISTRATIVE HEARINGS,

     Defendant.

CASE NO.: 4:21-cv-_____-_____

## VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

PLAINTIFF, DANIELLE DYAL, (hereinafter "Plaintiff" or "DYAL"), by and through the undersigned counsel, hereby files this Verified Complaint and Demand for Jury Trial against Defendant, STATE OF FLORIDA, DIVISION OF ADMINISTRATIVE HEARINGS (hereinafter referred to jointly as "Defendant" or "DOAH"), and states:

### JURISDICTION

1.    DYAL invokes this Court's jurisdiction under 28 U.S.C. § 1343 and 29 U.S.C. § 2611, *et seq.*, on grounds that this action arises under the Family Medical Leave Act (hereinafter "FMLA").

2.     The venue of this action is properly placed in the United States District Court for the Northern District of Florida, Tallahassee Division, pursuant to Title 28 U.S.C. § 1391(e). At all times relevant, DYAL was employed by DOAH.

## PARTIES

3.     The Plaintiff, DANIELLE DYAL, is a 36-year-old, female citizen of Wakulla County, Florida, residing at 102 Cochise Street, Crawfordville, Florida 32327.

4.     The Defendant, STATE OF FLORIDA, DIVISION OF ADMINISTRATIVE HEARINGS (DOAH), is an agency of the State of Florida with a principal address of 1230 Apalachee Parkway, Tallahassee, Florida 32399.  DOAH was DYAL's employer within the meaning of 29 U.S.C. § 2611(4)(B) and is a legal entity subject to the obligations of the laws involved in this action.

5.     On April 1, 2019, DYAL began employment with DOAH.  At all times pertinent, DYAL was employed by DOAH and, at the time of her termination from employment on July 23, 2021, DYAL held the position of Accountant II.

## STATEMENT OF THE CASE

6.   DYAL re-alleges and incorporates paragraphs 1 through 5, as if set forth in full herein.

7.   DYAL has been an employee of DOAH since April 1, 2019.

8.   On July 19, 2021, DYAL went to work while sick due to fear of a reprimand by not going.

9.   On July 19, 2021, DYAL was asked to do several tasks, including compiling information for DOAH's Agent, Director of Administration Brian Newman, and correcting four travel vouchers.

10.   On July 20, 2021, DYAL was in the Emergency Room all day due to severe illness and was diagnosed with Flu Type A.

11.   DYAL informed her coworkers of her severe illness and remained home sick for the remainder of that week.

12.   As a result of DYAL's illness, she was unable to complete the tasks assigned to her on July 19, 2021.

13.   On July 23, 2021, DOAH's Agent, Administrative Law Judge Brian Newman, called DYAL while she was home sick to inform her of her termination.

3

14.     DYAL requested a predetermination hearing, at which suspension was recommended as one appropriate remedy to the situation; however, DOAH's Agents, Director of Administration Brian Newman and Accounting Services Administrator Deborah Frost, made the decision to terminate DYAL's employment instead.

15.     DYAL received outstanding performance reviews during her two years of employment with DOAH.

16.     DYAL received no disciplinary actions during her employment with DOAH, until a written reprimand for arriving late one month prior to her termination.

## COUNT I
### UNLAWFUL RETALIATION IN VIOLATION OF 29 U.S.C. § 2611, *et seq.*, the Family Medical Leave Act (hereinafter "FMLA")

17.     The allegations in paragraphs 1 through 16, above, are incorporated by reference, as if set forth fully herein.

18.     DYAL's disparate treatment is directly related to her exercising her right to sick leave. DYAL performed her job duties without any major issues during her two years of employment with DOAH.  DYAL was treated differently from her counterparts when her employment was terminated due to

being unable to complete assigned tasks while ill and on sick leave. DYAL's termination from employment for poor performance was a pretext to retaliate against her because similarly-situated employees did not receive the same, severe treatment. Even though DYAL had been a loyal and dedicated employee for more than two (2) years, she was discharged shortly after going on sick leave.

19.     DOAH and/or its agents engaged in retaliatory acts with malice or with reckless indifference to DYAL's federally-protected rights. The retaliation by DOAH and/or its agents has affected the terms and conditions of DYAL's employment.

20.     As a direct and proximate result of these violations of her rights, DYAL has suffered economic damages.

21.     As a result of the retaliatory actions by DOAH and/or its agents, DYAL has been forced to hire an attorney to protect her rights and, as such, is entitled to recover attorney fees and costs for bringing this action.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, DANIELLE DYAL, demands judgment against the Defendant, STATE OF FLORIDA, DIVISION OF

ADMINISTRATIVE HEARINGS, and respectfully requests this Honorable Court for entry of its Order making DYAL whole by awarding her the following relief:

     A.    Front pay in an amount this Court deems appropriate, or alternatively, directing DOAH to reinstate DYAL to her former position.

     B.    Actual damages in an amount to be determined at trial;

     C.    Compensatory damages in an amount to be determined at trial;

     D.    All attorney fees and costs of this action;

     F.    Any such other and further relief as this Court deems just and equitable.

     Plaintiff respectfully requests a trial by jury.

## VERIFICATION

I affirm under the penalty of perjury that the allegations contained in the foregoing document are true and correct to the best of my personal knowledge, information and belief.

DANIELLE DYAL

Respectfully submitted,

GARY LEE PRINTY
FL BAR ID NO.: 363014
GARY LEE PRINTY ATTORNEY AT LAW
1804 Miccosukee Commons Dr., Ste. 200
Tallahassee, Florida 32308-5471
Telephone: (850) 877-7299
FAX: (850) 877-2211
Email: attygaryprinty@gmail.com

Attorney for Plaintiff,
DANIELLE DYAL